# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZEN SHAHIN and NINA SHAHIN, : : Plaintiffs, : : v. : : PNC BANK, N.A., et al., : : Defendants. : : | Civ. No. 13-1404-LPS |

Mazen Shahin and Nina Shahin, Dover, DE.

    *Pro se* Plaintiffs.

Beth Moscow-Schnoll, Esquire, BALLARD SPAHR, LLP, Wilmington, DE.

    Attorney for Defendants.

## **MEMORANDUM OPINION**

October 8, 2014
Wilmington, Delaware

[signature]

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiffs Mazer Shahin and Nina Shahin (collectively, "Plaintiffs") filed this action on August 12, 2013, against Defendants PNC Bank, N.A.,[1] Andrew Rogan, and Leghsa Copetillo (collectively, "Defendants"), alleging violations of the Fair Housing Act, Real Estate Settlement Procedures Act, Truth in Lending Act, and Equal Credit Opportunity Act. (D.I. 1) Presently before the Court are Defendants' Motion to Dismiss for Failure to State a Claim and Plaintiffs' Motion for Sanctions. (D.I. 9, 13) For the reasons that follow, the Court will grant in part the Motion to Dismiss and will deny the Motion for Sanctions.

## II. BACKGROUND

On July 23, 2012, Plaintiffs applied for a home equity loan at a PNC Bank branch located in Dover, Delaware. The following day, Andrew Rogan, the branch's assistant manager, requested tax returns, pay stubs, and proof of homeowner's insurance, which Plaintiffs provided. Plaintiffs did not receive a Good Faith Estimate within three days from PNC Bank. On August 8, 2012, Plaintiffs submitted a complaint to the Office of the Comptroller of Currency, which was transferred to the Consumer Financial Protection Bureau and eventually closed. On August 10, 2012, after exchanging correspondence with the branch, Nina Shahin came into the Dover branch and requested a letter relating to closing costs; Rogan did not provide it. Thereafter, Rogan and the branch manager, Leghsa Copetillo, threatened to call the police and eventually did, resulting

---

[1]Both a local branch in Dover, Delaware, and the corporate headquarters in Pittsburgh, Pennsylvania were named as Defendants.

1

in Shahin being arrested and taken to prison. On August 13, 2012, PNC Bank demanded that all of Plaintiffs' accounts be closed.

Plaintiffs' complaint alleges violations of four laws: Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), Fair Housing Act ("FHA"), and Equal Credit Opportunity Act ("ECOA"). (D.I. 1) Defendants move for dismissal for failure to state a claim on which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 9, 10) In response to this motion, Plaintiffs filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 as well as Rule 3.1 of the Delaware Lawyers' Rules of Professional Conduct. (D.I. 13)

## III. MOTION TO DISMISS

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material factual allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint

are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 570. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### B. Real Estate Settlement Procedures Act

Plaintiffs allege a violation of RESPA based on Defendants' failure to provide a Good Faith Estimate, as required by 12 U.S.C. § 2604. Defendants raise three arguments to support their motion to dismiss: (1) Section 2604 does not provide a private right of action; 2) the claim is time-barred; and (3) Plaintiffs did not sufficiently plead damages.

RESPA does not provide a private right of action for violations of Section 2604. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (10th Cir. 1997) (per curiam) ("[T]here is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); *see also Brophy v. Chase Manhattan Mortg. Co.*, 947 F. Supp. 879, 881-83 (E.D. Pa. 1996)

3

(examining legislative history and related statutes). Accordingly, Plaintiffs' claim under RESPA will be dismissed.

### C. Truth in Lending Act

Plaintiffs allege a violation of TILA, but do not specify what alleged conduct actually violates the law or Regulation Z. Defendants move to dismiss on two grounds: (1) the complaint provided no legal or factual basis for a claim under TILA; and (2) the statute of limitations bars Plaintiffs' claim.

TILA contains a one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Plaintiffs' TILA claim appears to be based on an alleged violation of the statute's disclosure requirements, and for such a claim the statute of limitations ordinarily begins to run on the date of the violation, which is the date of consummation of the lending agreement. *See Bartholomew v. Northampton Nat. Bank of Easton*, 584 F.2d 1288, 1294 (3d Cir. 1978). In this case, there was no consummation of an agreement, because PNC Bank did not approve Plaintiffs' loan application. The alleged conduct in the complaint relating to the loan application occurred between July 24, 2012, and August 10, 2012.[2] Plaintiffs did not file their complaint until August 12, 2013, but Plaintiffs have not alleged any conduct which would constitute a potential violation of TILA within one year of that date, i.e., on or before August 12, 2012. Accordingly, Plaintiffs' TILA claim is barred by the statute of limitations and will be dismissed.

---

[2] It was on August 13, 2012 that PNC demanded that all of Plaintiffs' accounts be closed, but this conduct was unrelated to any disclosure issue and, more importantly, is not a basis for Plaintiffs' TILA claim.

4

### D. Fair Housing Act

Plaintiffs' claim under the FHA is premised on the allegation that "[w]hen the PNC manager and assistant manager called police they violated provisions of Title VII (Fair Housing Act) treating the Plaintiff, a Ukranian born woman as a stupid and irresponsible who can be fooled, threatened, and deprived of her civil and constitutional rights." (D.I. 1 at 4) Plaintiffs' claim relies on 42 U.S.C. § 3605, which makes it unlawful to discriminate in a "residential real estate-related transaction," and 42 U.S.C. § 3617, which makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of," rights under section 3605.

In order to state a claim for a violation of section 3605 of the Fair Housing Act, Plaintiffs must establish that the actions complained of were either (i) based on intentionally discriminatory treatment or (ii) that there was discriminatory effect alone, without proof of discriminatory intent. *See Doe v. City of Butler*, 892 F.2d 315, 323 (3d Cir. 1989). Section 3617 requires intentional discrimination. *See United States v. Sea Winds of Marco, Inc.*, 893 F. Supp. 1051, 1055 (M.D. Fla 1995) (requiring Plaintiffs to allege that "the Defendants' conduct was at least in part intentional discrimination" as one of four elements to state claim under section 3617).

Plaintiffs have alleged that Defendants were aware of their national origin, Egyptian and Ukranian, but have not adequately alleged any discriminatory intent or discriminatory effect. They have not alleged, for instance, that Defendants decided to call the police because of Plaintiffs' national origin. They have not alleged that Defendants provide more favorable treatment to individuals of different national origins. To the extent Plaintiffs generally allege in a

5

conclusory fashion discriminatory intent, their allegation is insufficient. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) ("[Plaintiffs'] vague and conclusory allegations that [Defendant] acted with 'a discriminatory intent, purpose, and motivation' . . . do not transform the [Plaintiffs'] otherwise insufficient factual pleadings into allegations that plausibly support an inference of discriminatory animus."). At bottom, Plaintiffs allege nothing more than that Defendants were aware of their national origin, which fails to state a claim.

Accordingly, Plaintiffs have failed to state a claim under either Section 3605 or Section 3617. Their FHA claim will be dismissed.

### E. Equal Credit Opportunity Act

Plaintiffs' ECOA claim rests on the denial of their home equity loan by Defendants. "The ECOA makes it unlawful for a creditor to discriminate against an applicant 'with respect to any aspect of a credit transaction.'" *Visconti v. Veneman*, 204 Fed. Appx. 150, 154 (Oct. 30, 2006) (quoting 15 U.S.C. § 1691(a)); *see also Chiang v. Veneman*, 385 F.3d 256, 258 (3d Cir. 2004), *abrogated on other grounds by In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 n.18 (3d Cir. 2012). To state a claim on which relief may be granted, Plaintiffs must allege, among other things, that they are members of a protected class (which they have done) and that others not in their protected class were treated more favorably (which they have not done). *Visconti*, 204 Fed. App. at 154. As with their FHA claim, Plaintiffs have not alleged that any adverse credit decision was made because of their national origin, nor that Defendants treat credit applicants of different national origins more favorably. Accordingly, Plaintiffs' ECOA claim will be dismissed.

## V. MOTION FOR SANCTIONS

Plaintiffs moves for sanctions against defense counsel under F.R.C.P. 11 and Rule 3.1 of the Delaware Lawyers' Rules of Professional Conduct. (D.I. 10) Plaintiffs disapprove of Defendants' filing of the motion to dismiss and believe sanctions are an appropriate remedy. Defendants, of course, oppose the motion. (D.I. 15)

The Court has reviewed Plaintiff's motion and finds it frivolous and untimely. Defense counsel took no action to warrant the imposition of sanctions under Rule 11, and the Delaware Lawyers' Rules similarly provide no basis for imposition of liability. Further, Plaintiff did not wait 21 days after service of the motion on Defendants' counsel before filing the motion. *See* D.I. 13 (motion for sanctions filed on Oct. 24, 2013) Accordingly, the Court will deny Plaintiffs' motion.

## VI. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss will be granted in part and denied in part. Plaintiffs' motion for sanctions will be denied. An appropriate Order follows.