IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAZEN and NINA SHAHIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1404-LPS |
| | ) | |
| PNC BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion for Reargument filed pursuant to Federal Rule of Civil Procedure 59(e). (D.I. 18) For the reasons set forth below, the Court will deny the motion.

I. BACKGROUND

Plaintiffs filed a Complaint alleging violations of the Fair Housing Act, Real Estate Settlement Procedures Act, Truth in Lending Act, and Equal Credit Opportunity Act. (D.I. 1) On October 8, 2014, the Court granted Defendants' Motion to Dismiss for Failure to State a Claim and denied Plaintiffs' Motion for Sanctions. (D.I. 16; D.I. 17) (collectively, the "Opinion")

In the Opinion, the Court held: (1) the Real Estate Settlement Procedures Act ("RESPA") does not provide a private right of action for failure to provide a Good Faith Estimate ("GFE") in violation of 12 U.S.C. § 2604 (D.I. 16 at 3-4); (2) the Truth in Lending Act ("TILA") claim was time-barred by the statute of limitations (*id.* at 4); (3) Plaintiffs failed to allege discriminatory intent or effect in stating a claim under the Fair Housing Act ("FHA") (*id.* at 5-6); and (4) Plaintiffs failed to allege discriminatory intent or effect in their Equal Credit Opportunity Act

("ECOA") claim. (*Id.* at 6) The Court also denied Plaintiffs' motion for sanctions, finding: (1) no basis for liability under the Delaware Lawyers' Rules of Professional Conduct; (2) no basis for Rule 11 sanctions; and (3) that the motion for sanctions was procedurally improper under Rule 11. (*Id.* at 7)

## II. PARTIES' CONTENTIONS

Plaintiffs challenge each of the Court's holdings in their motion for reargument. With respect to the RESPA claim, Plaintiffs argue that the Court erred in finding that there was no private right of action for failure to provide a GFE in violation of 12 U.S.C. § 2604. (D.I. 18 at 2-3) With respect to the TILA claim, Plaintiffs argue that the claim is not time-barred because the statute of limitations otherwise would have ended on a Saturday, and they filed their suit on the following Monday, August 12, 2013, and further argue they provided a sufficient factual and legal basis for their claim to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 3-5) With respect to the FHA and ECOA claims, Plaintiffs argue that they pled a discriminatory intent or effect. (*Id.* at 5-6) Finally, with respect to the Motion for Sanctions, Plaintiffs argue that Defendants' conduct was sanctionable under the Delaware Lawyers' Rules of Professional Conduct and Rule 11.

Defendants respond that Plaintiffs' arguments are repetitions of those raised in opposition to the Motion to Dismiss, which is an improper basis for reargument. (D.I. 19 at 3)

## III. LEGAL STANDARDS

A motion for reconsideration pursuant to Rule 59(e), which is timely filed and challenges the correctness of a previously entered order, is considered the "functional equivalent" of a motion for reconsideration under Local Rule 7.1.5. *See Corning Inc. v. SRU Biosystems*, 2006

2

WL 155255, at *3 (D. Del. Jan. 20, 2006). Motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. *See Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Such motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside of the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. *See, e.g., Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1240. A court may alter or amend the judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not previously available; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Even when one or more of these conditions are satisfied, the Court may deny the motion if it would not alter the outcome. *See Becton Dickinson & Co. v. Tyco Healthcare Group LP*, 2006 WL 890995, at *2 (D. Del. Mar. 31, 2006); *Brambles*, 735 F. Supp. at 1240.

## IV. DISCUSSION

Plaintiffs' arguments with respect to the Motion for Sanctions and the RESPA, FHA, and ECOA claims are repetitive of those previously considered and rejected, and thus provide no basis for the Court to grant the motion for reargument. *See Karr*, 768 F. Supp. at 1090. With respect to the TILA claim, Plaintiffs do identify a clear error of fact in the Court's Opinion. The Court stated that Plaintiffs' claim was time-barred because the alleged course of conduct ended on August 10, 2012, while the complaint was filed more than a year later, on August 12, 2013.

3

(*See id.* at 4) As Plaintiffs have pointed out, August 10, 2013, which would otherwise be the end of the limitations period, was a Saturday, so the statute of limitations did not end until the following Monday, August 12, 2013. *See* Fed. R. Civ. P. 6(a)(1)(c). This is the date that Plaintiffs filed their TILA claim, so it was not time-barred.

However, Defendants presented an alternative ground for dismissal of Plaintiffs' TILA claim, the other being the failure to adequately plead the elements of a claim on which relief may be granted. (*See* D.I. 10 at 9) Plaintiffs allege that their application for a home equity loan, which is the focus of their TILA claim, was denied. (D.I. 1 at 4-5) TILA only creates a potential liability when a "person . . . is obligated on a consumer lease or a consumer credit transaction." 15 U.S.C. § 1631(a). Hence, in order to plead a cognizable claim under TILA, there must be (in addition to other requirements) an obligation on a lease or credit transaction. *See* 15 U.S.C. § 1640(a). Taking as true Plaintiffs' allegation that their home equity loan application was denied, Plaintiffs have failed to plead facts that could give rise to liability on behalf of Defendants on the TILA claim. To the extent Plaintiffs also allege that Defendants' failure to provide a GFE violated TILA, this is based on a provision of Regulation X, which is related to RESPA. *See* 24 C.F.R. § 3500-71(h) (2012) (citing 12 C.F.R. § 226.56). Plaintiffs' GFE contention is properly seen as part of their RESPA claim (which alleged failure to provide a GFE pursuant to 12 U.S.C. § 2604), a claim for which there is no private right of action, as was explained in the Opinion. *See also Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (10th Cir. 1997) (per curiam).

## V. CONCLUSION

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reargument Under Rule 59(e) (D.I. 18) is **DENIED**.

January 13, 2015
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE