IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZEN SHAHIN and<br>NINA SHAHIN, | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :     Civ. Action No. 13-1404-LPS |
| | : |
| PNC BANK, N.A., et al., | : |
| | : |
| Defendants. | : |

## **MEMORANDUM**

### I.    **BACKGROUND**

On October 9, 2014, the Court dismissed Plaintiffs' Complaint, and they appealed. (*See* D.I. 16, 17, 20, 21) The United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed in part and vacated in part the judgment and remanded for further proceedings, including consideration of amendment of Plaintiffs' claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* (D.I. 24) The Third Circuit's formal mandate issued on September 15, 2015. (D.I. 24)

Since it appeared plausible that Plaintiffs might be able to articulate a TILA claim, on October 6, 2015, an Order was signed, it was entered on October 7, 2015, and Plaintiffs were provided an opportunity to amend their pleading only as to the TILA claim. (D.I. 25) Plaintiffs were given until on or before November 2, 2015 to file an amended complaint, and they were warned that the case would be closed should they fail to do so. (*Id.*) Plaintiffs did not file an amended complaint and, as a result, on December 11, 2015, the case was closed. (D.I. 26)

On December 28, 2015, Plaintiffs filed a motion for reargument, seeking reconsideration of the December 11, 2015 Order that closed the case on the grounds that this Court, the Third Circuit,

1

and the U.S. Postal Service colluded to deprive Plaintiffs of their rights. (D.I. 27) Primarily, Plaintiffs argue that this Court lacked jurisdiction when it issued the October 6, 2015 Order. They advise the Court that, following issuance of the mandate, they filed several motions in the Third Circuit, including a motion to recall mandate and motion for enlargement of time to file a petition for rehearing (filed October 16, 2015), and a motion to file exhibits to petition for rehearing (filed November 2, 2015). Plaintiffs argue that only one court can have jurisdiction at a time and "until the appeal r[a]n its course," this Court did not have jurisdiction.

On October 19, 2015, the Third Circuit entered an order advising Plaintiffs that their motions were deficient and noncompliant with the local rules, and giving them until November 2, 2015 to correct the deficiencies – the same deadline this Court had set for Plaintiffs to file an amended complaint. (D.I. 27 Ex. B) On November 18, 2015, the Third Circuit denied all motions that Plaintiffs had filed. Thereafter, this Court closed the case for failure to file an amended complaint. Plaintiffs filed the instant motion on December 28, 2015.

## II. LEGAL STANDARDS

Motions for reargument are granted sparingly under Local Rule 7.1.5. Pursuant to Local Rule 7.1.4, such a motion shall briefly and distinctly state the grounds therefore. The Court determines from the motion whether reargument will be granted. *See* D. Del. LR 7.1.5.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)).

"A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

## III. DISCUSSION

Plaintiffs are mistaken in their view that this Court lacked jurisdiction to issue the October 6, 2015 Order (D.I. 25) that allowed them to file an amended complaint. The Third Circuit maintained jurisdiction until it issued its mandate on September 15, 2015. *See Gleeson v. Prevoznik*, 253 F. App'x 176, 179 (3d Cir. Nov. 8, 2007) (citing *United States v. Jerry*, 487 F.2d 600, 607 (3d Cir. 1973) (appellate court maintains jurisdiction until its mandate has issued). "[O]n remand after an appellate court decision, the trial court 'must proceed in accordance with the mandate and the law of the case as established on appeal.'" *Cooper Distrib. Co. v. Amana Refrigeration Inc.*, 180 F.3d 542, 546 (3d Cir. 1999) (citing *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985)). Here, the District Court had jurisdiction over the matter once the mandate issued, and it proceeded in accordance with that mandate.

The Court also takes into consideration that, on November 18, 2015, the Third Circuit entered its Order denying all motions filed by Plaintiffs, subsequent to issuance of the formal mandate. Plaintiffs, however, did nothing even at that point. They made no attempt to comply with the October 6, 2015 Order by either filing an untimely amended complaint or seeking additional time to file an amended complaint. Notably, the Court did not close this case until December 11, 2015, three weeks after entry of the Third Circuit's November 18, 2015 Order.

Finally, the Court has thoroughly reviewed the instant motion, the opposition thereto, and the record. Plaintiffs merely rehash arguments previously made and rejected. The Court finds that

Plaintiffs have failed to demonstrate any grounds to warrant reconsideration or reargument of the Court's December 11, 2015 Order closing this case.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiffs' motion for reargument and for reconsideration. A separate Order will be entered.

September 26, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4